**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JASON'S PORT CITY HEALTH CLUB, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 05-0206-WS-C** |
| | ) | |
| **HARTFORD FIRE INSURANCE CO., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the motion of defendant Hartford Fire Insurance Co. ("Hartford") to dismiss or in the alternative for more definite statement.  (Doc. 22).  The parties have filed briefs in support of their respective positions, (Docs. 23, 26, 29), and the motion is ripe for resolution.  After carefully considering the foregoing materials and all other relevant materials in the file, the Court concludes that the motion is due to be denied in its entirety.

This action was filed on February 23, 2005 in state court.  The defendants removed on the basis of diversity of citizenship on April 6, 2005.  (Doc. 1).  On May 17, 2005, the Court granted the plaintiff's motion for leave to file an amended complaint adding a claim for bad faith ("Count Five").  (Docs. 17, 18).  The present motion is directed to this claim.  The motion seeks dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to comply with the particularity requirement of Rule 9(b).  In the alternative, the motion seeks a more definite statement pursuant to Rule 12(e).

**I.  Failure to State a Claim.**

Hartford argues that Count Five fails to allege all the elements of a cause of action for either normal or abnormal bad faith and therefore is subject to dismissal for failure to state a claim upon which relief can be granted.  (Doc. 23 at 3-4).  The Court agrees that, while "the liberal notice pleading

standards embodied in Federal Rule of Civil Procedure 8(a)(2) do not require that a plaintiff specifically plead every element of a cause of action [, ...] it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc*., 253 F.3d 678, 683 (11th Cir. 2001)(internal quotes omitted).  The plaintiff's amended complaint, however, does meet this pleading standard.

The elements of a  claim of bad faith, according to Hartford, are as follows: (1) the existence of a contract of insurance; (2) an intentional refusal to pay the plaintiff's claim; (3) the absence of any reasonably legitimate or arguable reason for the refusal to pay; (4) the defendant's awareness of the absence of any such reason; and, in some cases, (5) the defendant's intentional failure to determine whether a legitimate or arguable reason for refusal existed.  (Doc. 23 at 3).  While arguing generally that Count Five "fail[s] even to plead the elements of a bad faith claim," Hartford identifies only one element that it considers unpleaded:  the absence of a legitimate or arguable reason for the refusal.  (*Id*. at 4).  However, the plaintiff's allegation that Hartford denied coverage "with no legal justification whatsoever," (Doc. 18, ¶ 24), plainly captures this element, by "inferential allegation" if not directly.

Hartford's primary argument is that the complaint should be dismissed because the plaintiff "has not pled any facts whatsoever in support of its bald assertion of bad faith."  (Doc. 23 at 4).  Hartford claims it "is entitled to know the details underlying plaintiff's apparent contention that [it] had no legitimate or debatable reason for nonpayment," failing which "dismissal [for failure to state a claim] is appropriate."  (Doc. 29 at 6).

Unsurprisingly, Hartford offers not a single authority in support of this sweeping proposition, which is diametrically opposed to the regime of notice pleading implemented by Rule 8(a).  As the Supreme Court has made abundantly clear, that rule "do[es] not require a claimant to set out in detail the facts upon which he bases his claim." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)(internal quotes omitted).  Instead, "[t]his simplified notice pleading standard [of Rule 8(a)(2)] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."

-2-

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Thus, for example, it is improper to require a Title VII plaintiff to allege facts supporting a prima facie case of discrimination in order to survive a motion to dismiss.  *Id*. at 512-14.

"A court may dismiss a complaint [for failure to state a claim] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Because Count Five alleges all the essential elements of a bad faith claim, and because none of its allegations negates the plaintiff's ability to prove such a claim, the defendant's motion to dismiss for failure to state a claim is due to be denied.

## II.  Failure to Plead Fraud with Particularity.

Federal Rule of Civil Procedure 9(b) requires that, when fraud is alleged, the circumstances constituting the fraud "shall be stated with particularity." The Alabama Supreme Court has characterized the tort of bad faith as "a species of fraud."  *Jones v. Alfa Mutual Insurance Co.*, 875 So. 2d 1189, 1193 (Ala. 2003); *Mobile Insurance, Inc. v. Smith*, 441 So. 2d 894, 898 (Ala. 1983); *Dumas v. Southern Guaranty Insurance Co.*, 408 So. 2d 86, 89 (Ala. 1981); *accord Cash v. State Farm Fire & Casualty Insurance Co.*, 125 F. Supp. 2d 474, 477 (M.D. Ala. 2000); *Shufford v. Integon Indemnity Corp.*, 73 F. Supp. 2d 1293, 1301 (M.D. Ala. 1999).

The plaintiff, while objecting that these cases do not specifically address whether bad faith is a species of fraud for purposes of Rule 9(b), offers no explanation why the tort would be treated as a species of fraud for some purposes but not others.  (Doc. 26 at 3-4).  In addition, at least two Justices have concluded that Alabama's identical version of Rule 9(b) applies to bad faith claims,[1] and the full Court has hinted at the same result.[2]  For present purposes, therefore, the Court assumes that claims of

---

[1] *See Chavers v. National Security Fire & Casualty Co.*, 405 So. 2d 1, 13 (Ala. 1981) (Torbert, C.J., dissenting); *Vincent v. Blue Cross-Blue Shield, Inc.*, 373 So. 2d 1054, 1064 (Ala. 1979)(Jones, J., concurring specially).

[2] *See National Security Fire & Casualty Co. v. Bowen*, 417 So. 2d 179, 182-83 (Ala. 1982)(although "it would have been preferable for plaintiff to initially have stated a 'bad faith' claim with at least the same particularity as his 'fraudulent misrepresentation' claim, nevertheless, because that

bad faith under Alabama law are subject to Rule 9(b).

A wealth of law describes the sorts of information that should be provided under Rule 9(b) concerning a claim of fraudulent misrepresentation.  Hartford concedes that, because of the differences between the elements of such claims and those of bad faith claims, the items identified in these cases should not be imposed on a bad faith plaintiff.  (Doc. 29 at 5).  In lieu thereof, Hartford proposes that the plaintiff "should be required to state the facts which it contends make the defendant's denial of the claim undebatably wrong."  (*Id*.).  The difficulty with this approach is that it would impose on bad faith plaintiffs a burden far beyond that imposed on plaintiffs alleging fraudulent misrepresentation.  That is, Hartford is demanding that the plaintiff explain in its complaint what made the denial of benefits wrong — indeed, inarguably wrong — even though other fraud plaintiffs need only identify the content of the false representation, without explaining what made the representation wrong.[3]   As Hartford offers no authority for its expansive and apparently unprecedented expansion of Rule 9(b), its motion to dismiss for failure to plead fraud with particularity is due to be denied.


**III.  More Definite Statement.**

In its third effort to obtain the same result, Hartford requests that the plaintiff be required to file a more definite statement to, "[a]t a minimum, ... plead *facts* specifying how and why it contends Hartford Fire's denial constitutes the tort of bad faith."  (Doc. 23 at 5 (emphasis in original).  This is most emphatically not the function of Rule 12(e).

A more definite statement is appropriate only if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," Fed. R. Civ. P. 12(e), that is an

---

issue has been tried, in the interest of liberality in pleading, his failure to do so was not fatal in this case," citing Rules 8 and 9(b)).

[3]*See, e.g., Ziemba v. Cascade International, Inc*., 256 F.3d 1194, 1202 (11th Cir. 2001) ("Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they  misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.")(internal quotes omitted).

answer.  *Id.* 7(a).  The rule is commonly invoked in cases of "shotgun pleadings," in which the allegations are so massive and so jumbled that the defendant cannot sort out what is being alleged or against whom.[4]  Count Five is not a shotgun pleading, nor is it otherwise "vague or ambiguous."  It plainly alleges that Hartford has committed the tort of bad faith, and its clarity is patently sufficient to enable Hartford to admit or deny its straightforward allegations and assert any affirmative defenses, which is all an answer must accomplish.  Fed. R. Civ. P. 8(b), (c).

For the reasons set forth above, Hartford's motion to dismiss or for more definite statement is **denied**.

DONE and ORDERED this 27th day of June, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[4]*E.g., Byrne v. Nezhat*, 261 F.3d 1075, 1128-29, 1133 (11th Cir. 2001); *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322, 1327 n.6 (11th Cir. 1998); *Anderson v. District Board of Trustees*, 77 F.3d 364, 365-67 (11th Cir. 1996).